UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**BAKHOSHEQ ALLAN,**

                              **Plaintiff,**

                       **vs.**                              **9:05-CV-1280**

**R.K. WOODS, SUPERINTENDENT; SERGEANT KING;
DONALD HOAG, FOOD SERVICE ADMINISTRATOR;
OFFICER FORTON; OFFICER HUTCHIN,**

                              **Defendants.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:
BAKHOSHEQ ALLAN
Plaintiff *pro se*

HON. ANDREW M. CUOMO, Attorney General for the State of New York
CHARLES J. QUACKENBUSH, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## BACKGROUND

Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, brought this action under 42 U.S.C. § 1983. In his complaint (Dkt. No. 1), plaintiff claims that defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*

The first of two matters presently before the Court is defendants' motion for dismissal pursuant to Fed. R. Civ. P. 12(c) (Dkt. No. 23). The motion was referred to United States Magistrate Judge Gustave J. DiBianco for a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule 72.3(c). Magistrate Judge DiBianco has issued an Order and Report and Recommendation (Dkt. No. 31) recommending that defendants' motion be granted and the complaint dismissed in its entirety without prejudice to the filing of an amended complaint.

The second matter before the Court is plaintiff's motion before Magistrate Judge DiBianco (Dkt. No. 28) for leave to file a supplemental complaint under Fed. R. Civ. P. 15(d). In the Order and Report and Recommendation (Dkt. No. 31), Magistrate Judge DiBianco denied the motion without prejudice to the filing of an amended complaint.

Plaintiff has submitted an "Objection to Order and Report-Recommendation" ("Objection") (Dkt. No. 32). The Court construes plaintiff's submission as a challenge to both aspects of Magistrate Judge DiBianco's Order and Report and Recommendation (Dkt. No. 31), that is, as an objection to the recommendation that this Court grant defendants' motion to dismiss (Dkt. No. 23), and as an appeal from Magistrate Judge DiBianco's order denying plaintiff's motion to supplement his complaint (Dkt. No. 28).

## DISCUSSION

With respect to defendants' motion to dismiss the complaint (Dkt. No. 23), the Court applies the *de novo* standard of review, *see* 28 U.S.C. § 636(b)(1)(C), and adopts Magistrate Judge DiBianco's report and recommendation except in one respect. In his Objection (Dkt. No. 32), plaintiff for the first time makes a clear allegation that he was required to work on October 2, 2004, his Sabbath. Under all of the circumstances, including plaintiff's *pro se* status, the Court takes this allegation into account in addressing the motion, even though the allegation was made for the first time in plaintiff's Objection. Particularly in view of this additional allegation, the Court determines to afford plaintiff 30 days for submission of an amended complaint, rather than

to dismiss without prejudice as recommended by Magistrate Judge DiBianco. The Court refers plaintiff to the Order and Report and Recommendation (Dkt. No. 31) for directions as to how to draft the amended complaint.

With respect to plaintiff's motion for leave to supplement the complaint (Dkt. No. 28), Magistrate Judge DiBianco's order is affirmed, regardless of whether it is reviewed under the "clearly erroneous or contrary to law" standard, or the *de novo* standard. *See Lyondell-Citgo Refining v. Petroleos De Venezuela*, 2005 WL 883485, *2-*3 (S.D.N.Y. 2005). The disposition of defendants' dismissal motion gives plaintiff an opportunity to assert in the amended complaint all of his claims, including those he seeks to add by his motion to supplement the complaint.

## CONCLUSION

Accordingly, plaintiff is directed to file and serve an amended complaint within 30 days of the date of this order. The amended complaint will replace the initial complaint and thus should include all claims and defendants from the initial complaint that plaintiff wishes to pursue. The amended complaint should also include all claims and defendants from the motion for leave to supplement the complaint that plaintiff wishes to pursue. All claims and defendants that are not included in the amended complaint will be deemed abandoned. If plaintiff fails to submit an amended complaint within 30 days as ordered herein, the case will be dismissed.

It is therefore

ORDERED that United States Magistrate Judge Gustave J. DiBianco's Order and Report and Recommendation (Dkt. No. 31) is affirmed and accepted to the extent set forth in this Memorandum-Decision and Order; and it is further

ORDERED that defendants' motion for judgment on the pleadings (Dkt. No. 23) is

conditionally granted as follows: Plaintiff is directed to file and serve on or before March 12, 2007, an amended complaint which is consistent with the directions in this Memorandum-Decision and Order and in Magistrate Judge DiBianco's Order and Report and Recommendation (Dkt. No. 31).  The amended complaint shall include all claims and defendants from the complaint and motion to supplement which plaintiff wishes to pursue; and it is further

ORDERED, that if plaintiff does not file an amended complaint on or before March 12, 2007, judgment shall enter dismissing the action without further order of the Court; and it is further

ORDERED, that Magistrate Judge DiBianco's Order (Dkt. No. 31) denying without prejudice plaintiff's motion to supplement (Dkt. No. 28) is affirmed in accordance with this Memorandum-Decision and Order.

IT IS SO ORDERED.

February 9, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge