UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
BAKHOSHEQ ALLAN,

                      Plaintiff,
            -v.-                                      9:05-CV-1280
                                                            (NAM)(GJD)
R.K. WOODS, Superintendent, et al.,

                      Defendants.
--------------------------------------------------------

**APPEARANCES:**                            **OF COUNSEL:**

BAKHOSHEQ ALLAN
Plaintiff, *Pro Se*
04-A-4429
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

ANDREW M. CUOMO                  CHARLES J. QUACKENBUSH, Esq.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

      Plaintiff Bakhosheq Allan filed a civil rights complaint on October 7, 2005. Dkt. No. 1. In his *pro se* complaint, plaintiff alleged that he was denied the right to freely practice his religion in violation of his constitutional and statutory rights by being compelled to work on the Sabbath. *Id.* By Order of this Court filed November 3, 2005, service of the complaint was directed.[1] Dkt. No. 6. Defendants filed an answer to the complaint on March 30, 2006. Dkt. No. 18. Defendants then filed a motion for judgment on the pleadings on July 12, 2006. Dkt. No. 23. Plaintiff filed a response in opposition to

---

[1] The Court dismissed Upstate Correctional Facility as a defendant in this action because a state correctional facility is considered an arm of the state for Eleventh Amendment purposes and is therefore absolutely immune from suit. Dkt. No. 6 at 1-2.

defendants' motion (Dkt. No. 26) and filed a motion to supplement his complaint (Dkt. No. 28).

On January 3, 2007, United States Magistrate Judge Gustave J. DiBianco issued an Order and Report-Recommendation ("Report and Recommendation") recommending that the motion for judgment on the pleadings be granted and plaintiff's complaint be dismissed without prejudice to plaintiff filing an amended complaint. Dkt. No. 31. Magistrate Judge DiBianco concluded, based on plaintiff's complaint and the documents attached thereto, that plaintiff never worked on the Sabbath and therefore did not establish a substantial burden on the exercise of his religion. *Id.* at 8. The Report and Recommendation also recommended that plaintiff's motion to supplement be denied because it combined supplemental issues with amended claims. *Id.* at 15. The Report and Recommendation recommended that plaintiff be given the opportunity to file an amended complaint because both plaintiff's response to the motion for judgment on the pleadings and his motion to supplement contained retaliation claims.[2] *Id.* at 15-16.

On January 16, 2007, plaintiff filed an objection the Report and Recommendation. Dkt. No. 32. In his objection, plaintiff states that he was forced to work on the Sabbath and was injured at work that day. *Id.* at 2. Plaintiff attaches a copy of an "ambulatory health record" describing an injury to plaintiff's finger which occurred on October 2, 2004, plaintiff's Sabbath. *Id.* at 11.

By Memorandum-Decision and Order of this Court filed February 12, 2007 ("February Order"), the Report and Recommendation was accepted except in one respect. Dkt. No. 33. Taking into account the clear allegation that plaintiff was required to work on the Sabbath made in his objection, the Court afforded plaintiff the opportunity to filed an amended complaint, rather than dismissing his original complaint without prejudice as recommended in the Report and Recommendation. *Id.* at 2. The Report and Recommendation was affirmed with respect to plaintiff's motion for leave to supplement the

---

[2] The January Report and Recommendation noted that plaintiff alleged in his response, for the first time, that he was forced to work on the Sabbath. *Id.* at 12. Since the allegations in plaintiff's response were completely at odds with the allegations contained in his original complaint, Magistrate Judge DiBianco concluded that plaintiff did not state a claim. *Id.*

2

complaint. *Id.* at 3.

Presently before the Court is plaintiff's amended complaint, which he has submitted in compliance with the February Order. Dkt. No. 36. Plaintiff alleges that he was forced to work on his Sabbath, that he was retaliated against for preparing to file a civil lawsuit, and that he was sexually assaulted during a frisk conducted by newly named defendant E. Hall. *Id.*

Since plaintiff's amended complaint essentially cures the defects in his prior complaint, the Court accepts it for filing.

WHEREFORE, it is hereby

ORDERED that the Clerk revise the docket to include "Falcon," "J. McGaw," and "E. Hall" as defendants in this action, and it is further

ORDERED that plaintiff serve a copy of the amended complaint (Dkt. No. 36) on opposing counsel **within thirty (30) days** of the filing date of this Order, and it is further

ORDERED that the Clerk issue summonses naming the newly named defendants and forward them, along with copies of the amended complaint (Dkt. No. 36), to the United States Marshal for service upon the newly named defendants, together with a copy of this Order,[3] and it is further

ORDERED that a formal response to plaintiff's amended complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is further

ORDERED that the Clerk of the Court serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated: April 23, 2007

Norman A. Mordue
Chief United States District Court Judge

---

[3] Plaintiff was granted leave to proceed with this action *in forma pauperis*. Dkt. No. 6.