UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BAKHOSHEQ ALLEN,
                             Plaintiff,
    vs.                                                 9:05-CV-1280
                                                                  (NAM)(GJD)
R.K. WOODS; DONALD HOAG; SERGEANT
KING; C.O. FORTON; C.O. HUTCHIN; FALCON;
J. MCGAW; and E. HALL,
                             Defendants.
_____

APPEARANCES:                               OF COUNSEL:

Bakhosheq Allen
04-A-4429
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo                 Charles J. Quakenbush, Esq.
New York State Attorney General        Assistant Attorney General
The Capitol
Albany, NY 12224
Attorneys for Defendants

**Norman A. Mordue, Chief U.S. District Judge**

### DECISION AND ORDER

      Plaintiff Bakhosheq Allen commenced this action on October 7, 2005.  Dkt. No. 1.  By Order filed February 12, 2007, this Court conditionally granted defendants' first motion for judgment on the pleadings by dismissing plaintiff's complaint, but allowing plaintiff to submit an amended complaint. Dkt. No. 33.  Plaintiff submitted an amended complaint on March 30, 2007.  Dkt. No. 36.  By Order filed April 23, 2007, this Court directed service of the amended complaint.  Dkt. No. 42.  In his amended complaint, plaintiff alleges that defendants violated his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* and retaliated against plaintiff for filing complaints.  Dkt. No. 36.

Currently before the Court is plaintiff's motion for injunctive relief. Dkt. No. 60. In his motion, plaintiff alleges that he is being retaliated against and threatened by defendant McGaw and other staff at Upstate Correctional Facility because of this pending civil rights action. Dkt. No. 60 at 9-11. Plaintiff seeks transfer from Upstate Correctional Facility. *Id*. at 12. Defendants have opposed the motion, arguing that plaintiff "presents no authentic claim for temporary injunctive relief." Dkt. No. 61 at 1.

The standard that a court must apply in considering a motion for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), the movant "must show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking the injunctive relief." *Id.* at 77 (citation omitted) (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (adopting a magistrate judge's recommendation that the court deny an inmate's request for injunctive relief).

However, to the extent that plaintiff only seeks transfer to another facility, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Thus, there is no legal basis for this Court to order plaintiff's transfer to another facility. Therefore, the Court must deny plaintiff's motion for injunctive relief.

WHEREFORE it is hereby

ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 60) is **DENIED**, and it is further

ORDERED that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED

Date:  October 30, 2007

Norman A. Mordue
Chief United States District Court Judge